Russell Brown, Chapter 13 Trustee
3838 North Central Avenue
Suite 800
Phoenix, Arizona 85012-1965
602.277.8996
*mail@ch13bk.com*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES M. RAST,<br>and<br>JUI-HSIANG CHIEN,<br><br>12635 SOUTH 34TH PLACE<br>PHOENIX, AZ 85044<br><br>Debtors. | Chapter 13<br><br>Case No. 2-18-bk-08038 BKM<br><br>**TRUSTEE'S NOTICE OF FINAL CURE PAYMENT OF PREPETITION ARREARS ON MORTGAGE CLAIM**<br><br>(Official Form No. 4100N) |

Pursuant to Rule 3002.1(f), F.R.B.P., the Chapter 13 Trustee gives notice that the amount required to cure the prepetition default in the mortgage claim has been paid in full. Debtors have have completed all plan payments to the Trustee as required under the plan.

## Part 1: Mortgage Information

| | |
|---|---|
| Name of creditor: | WELLS FARGO BANK |
| Court claim no. (if known): | 005 |
| Last four digits to identify the account: | 0589 -ARREARS |
| Uniform Claim Indentifer: | WFCMGE1808038AZM97430589 |
| Date Proof of Claim Filed: | 08/14/2018 |
| Property address: | 12635 S 34TH PLACE PHOENIX AZ 85044 ARREARS |

## Part 2: Cure Amount (Not Including Any Conduit Mortgage Payments)

| Total cure disbursements made by the Trustee: | Amounts: |
|---|---|
| (a) Allowed prepetition arrearage | $318.71 |
| (b) Prepepetition arrearage paid by the Trustee: | $318.71 |
| (c) Amount of postpetition fees, expenses, and charges recoverable under Bankruptcy Rule 3002.1(c): | $0.00 |
| (d) Amount of post-petition fees, expenses, and charges recoverable under Bankruptcy Rule 3002.1(c) and paid by the Trustee: | $0.00 |
| (e) Allowed postpetition mortgage arrearage: | $0.00 |
| (f) Postpetition mortgage arrearage paid by Trustee: | $0.00 |
| (g) Total of amounts paid by the Trustee ((b), (d), and (f)): | $318.71 |

## Part 3: Postpetition Mortgage Payments

This is a not a conduit mortgage payment case. The Debtors are to pay and have paid the postpetition mortgage payments directly to the claimant, unless there is an amount in paragraphs (e) and(f) in Part 2. If such payments are not current, then the plan might not be deemed completed.

## Part 4: A Response by Mortgage Creditor is Required by Bankruptcy Rule 3002.1(g)

Russell Brown, Chapter 13 Trustee, pursuant to F.R.B.P. 3002.1(f), files this Notice of Final Cure Payment to notify the creditor listed herein that the amount required to cure the prepetition arrearage in the claim has been paid in full. This is a not a conduit mortgage payment case. The Debtors are to pay the postpetition mortgage plan payments directly to the claimant. The Debtors' plan payments to the Trustee appear completed and this is the final Notice the Trustee will file. The Trustee is providing his claim(s) payment/disbursement history at the end of this document.

Pursuant to Rule 3002.1(g), F.R.B.P., within 21 days, **WELLS FARGO BANK,** or the current holder of the claim, is **obligated** to file with the Bankruptcy Court and serve a statement as a supplement to its proof of claim stating: (1) whether it agrees that the Debtors have paid in full the amount required to cure default on the claim; and (2) whether the Debtors otherwise are current on all post-petition payments consistent with § 1325(b)(5) of the Code. The claimant's statement shall itemize the required cure or post-petition amounts, if any, that the holder of the claim contends remains unpaid as of the date of the statement. **If the claimant fails to file a response to this notice of final cure payment, the Trustee likely will not file a motion pursuant to Rule 3002.1(h), but the Trustee encourages the Debtors to do so. If the claimant fails to file a motion and the Trustee does file a motion pursuant to Rule 3002.1(h), then the Trustee likely would ask the Court for other relief, such as an award of reasonable expenses and attorney fees as allowed by the Rule. If the claimant fails to file a response showing the Debtors are current on the post-petition mortgage payments, then the Trustee will assume the Debtors are not current on such payments. In such event, the Debtors might not be entitled to a plan completion discharge under Section 1328(a). See In re Silva, 2022 W.L. 2340802 (9th Cir.).**

/s/ Russell Brown, Trustee

A copy of this Notice was mailed or emailed to:

WELLS FARGO BANK
MAC#F2302-04C / ATTN: PMT PROCESSING
1 HOME CAMPUS
DES MOINES, IA 50328

WELLS FARGO BANK NA
P.O. BOX 1629
DEFAULT DOC PROCESS MAC #N9286 01Y
MINNEAPOLIS, MN 55440

JAMES M. RAST
JUI-HSIANG CHIEN
12635 SOUTH 34TH PLACE
PHOENIX, AZ 85044
Debtors

KEVIN J. RATTAY
kevin.rattay@parkerlawteam.com;mackenzie.bales@parkerlawteam.com
Attorney for Debtors

M. Lipari Mary Kay Lipari
2023.07.18 11:14:21
-07'00'

_______________________________________

*mlipari@ch13bk.com*

***Trustee's Disbursement History on Claim for Prepetition Mortgage Arrears:***

| Date | ACH or Check # | Principal | Interest | Total |
|---|---|---|---|---|
| 06/27/2019 | 774406 | $35.40 | $0.00 | $35.40 |
| 07/30/2019 | 775168 | $283.31 | $0.00 | $283.31 |
| | ***Total Amounts Paid:*** | **$318.71** | **$0.00** | **$318.71** |

**END OF DISBURSEMENT HISTORY**